IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BAYHEALTH MEDICAL CENTER, INC.<br>640 South State Street<br>Dover, Delaware 19901<br><br>Plaintiff,<br><br>v.<br><br>ASBESTOS SPECIALISTS, INC. a/k/a ASI<br>7585 Washington Blvd, #104<br>Elkridge, MD 21075-6481<br><br>Defendant. | :<br>:<br>:<br>:   CA No.:<br>:<br>:   JURY TRIAL DEMANDED<br>:<br>:<br>:<br>:<br>: |

## COMPLAINT

Plaintiff Bayhealth Medical Center, Inc., by its counsel, Cozen O'Connor, hereby demands judgment against defendant Asbestos Specialists, Inc. a/k/a ASI, and complains against the defendant as follows:

## THE PARTIES

1. Plaintiff, Bayhealth Medical Center, Inc. (hereinafter referred to as "Bayhealth") is a non-profit corporation, duly organized and existing under the laws of the State of Delaware, and having its principal place of business located at 640 South State Street, Dover, Delaware 19901.

2. At all times material hereto, plaintiff Bayhealth owned and operated healthcare systems and healthcare facilities throughout Delaware, including a healthcare facility known as the Kent General Hospital, and located in Dover, Delaware.

3. Defendant herein, Asbestos Specialists, Inc. a/k/a ASI (hereinafter referred to as "ASI"), is a corporation duly organized and existing under the laws of the State of Maryland, and

having its principal place of business located 7585 Washington Boulevard, #104, Elkridge, MD 21075-6481.

4. At all times herein mentioned, defendant ASI was engaged, inter alia, in performing site construction work, hazardous material abatement and related building demolition work.

**JURISDICTION AND VENUE**

5. This action concerns property damages caused by a fire which occurred at the plaintiff's aforesaid Kent Hospital premises on or about January 14, 2009. The amount in controversy in this action exceeds the sum of seventy-five thousand dollars ($75,000), exclusive of interests and costs.

6. This Court has original jurisdiction over this civil action under 28 U.S.C. §1332. Venue is proper in this district pursuant to 28 U.S.C. §1391(1), as the claims set forth herein arise from an incident which took place in Dover, Delaware.

**GENERAL ALLEGATIONS**

7. Prior to December 18, 2008, plaintiff engaged a company known as Whiting Turner Contracting Company (hereinafter "Whiting Turner") to act as a construction manager in connection with the expansion of the plaintiff's Kent Hospital facility.

8. On or about December 18, 2008, defendant ASI was engaged by Whiting Turner as a trade contractor for the purpose of having ASI perform certain demolition work on the Kent Hospital Expansion Project.

9. On or about January 14, 2009, defendant ASI, acting in the aforesaid trade contractor capacity, performed various demolition work, including the demolition of an existing building overhang in order to accommodate certain associated excavation and pile driving work at and/or within the aforesaid Kent Hospital premises, and in connection with the aforesaid project known as the Pavilion-Bayhealth Kent Campus Expansion.

10. The aforesaid work performed by defendant and/or to be performed by the defendant, was known by the defendant to be intended for the benefit the plaintiff herein.

11. In performing the aforesaid demolition work referred to in Paragraphs 9 and 10 hereof, defendant ASI by and through its employees, agents and/or servants, performed and/or permitted to be performed inherently dangerous work which involved the use of a torch and/or other heat/sparks emitting/cutting equipment.

12. On or about January 14, 2009, a fire originated, and occurred at and/or within the aforesaid Kent Hospital premises.

13. The fire referred to in Paragraph No. 12 hereof, caused substantial damage and destruction to the aforesaid premises, and to the contents therein, thereby resulting in damages, necessary repairs and/or other losses in excess of Two Hundred Fifty Thousand Dollars ($250,000).

## COUNT 1
## NEGLIGENCE

14. Plaintiff incorporates herein by reference the allegations set forth in Paragraph Nos. 1 through 13 as fully as though the same were set forth herein at length.

15. Defendant ASI owed a duty to Bayhealth to use the necessary care and skill in performing its aforesaid work, including in particular that work which involved the use of a torch and/or other heat and/or sparks producing cutting equipment.

16. Defendant ASI knew and/or should have known that the aforesaid torch and/or other cutting work was inherently dangerous work.

17. Defendant ASI breached its aforesaid duty of care to Bayhealth in:

    a. failing to use basic safety procedures and precautions in performing demolition/cutting work and/or "hot work" with a torch or other cutting equipment;

    b. failing to carefully supervise and manage the aforesaid demolition/cutting work and/or "hot work;"

    c. undertaking to perform, and/or permitting the performance of, inherently dangerous demolition/cutting work and/or "hot work", without the necessary safety procedures and supervision;

    d. failing to comply with applicable safety codes, regulations and practices;

    e. failing to hire competent employees to perform inherently dangerous demolition/cutting work and/or "hot work";

    f. permitting demolition/cutting work and/or "hot work" to be performed without the necessary and required safety precautions; and

    g. otherwise failing to use due care under the circumstances.

18. The defendant's aforesaid conduct referred to in Paragraph 17 hereof, was the direct and proximate cause of the aforesaid incident and damages referred to in Paragraph Nos. 12 and 13 hereof.

19. The defendant is liable to the plaintiff due to the defendant's aforesaid negligent acts and omissions.

WHEREFORE, plaintiff Bayhealth Medical Center, Inc. demands judgment against defendant Asbestos Specialists, Inc. a/k/a ASI, in an amount in excess of Two Hundred Fifty Thousand Dollars ($250,000), together with interest and the cost of this action.

## COUNT II
## BREACH OF CONTRACT

20. Plaintiff incorporates herein by reference the allegations set forth in Paragraph Nos. 1 through 19 as fully as though the same were set forth herein at length.

21. Defendant had a contractual obligation to perform the aforesaid demolition/cutting work in a safe and careful manner.

22. Defendant breached its aforesaid contractual obligation by reason of the conduct referred to in Paragraph 17 hereof.

23. The plaintiff was a direct and intended beneficiary of the defendant's aforesaid contractual obligations.

24. The incident and damages referred to in Paragraph Nos. 7 through 13 were caused by the aforesaid breach of contractual obligations on the part of the defendant.

WHEREFORE, plaintiff Bayhealth Medical Center, Inc. demands judgment against defendant Asbestos Specialists, Inc. a/k/a ASI, in an amount in excess of Two Hundred Fifty Thousand Dollars ($250,000), together with interest and the cost of this action.

Dated: June 2, 2010

COZEN O'CONNOR

_____
Joseph J. Bellew (#4816)
1201 N. Market Street, Suite 1400
Wilmington, DE 19801
Telephone: (302) 295-2000
Facsimile: (302) 295-2013
Email: jbellew@cozen.com

*Attorneys for Plaintiff*

Of Counsel:

Gerard F. Belz, Jr., Esquire
Cozen O'Connor
1900 Market Street
Philadelphia, PA 19103
Telephone: (215) 665-2000